### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WINSTON, )<br>　　　　　　　　　　　　　　)<br>　　　　Plaintiff　　　　　　)<br>　　　　　　　　　　　　　　)　　No. 1:09-cv-253-SJM<br>　　v.　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>MARY LYNCH FRIEDLINE,　　)<br>　　　　　　　　　　　　　　)<br>　　　　Defendant.　　　　　) | |

### MEMORANDUM ORDER

Plaintiff Michael Winston has filed this *pro se* civil action against Defendant Mary Lynch Friedline, both in her individual capacity and in her official capacity as Senior Deputy Attorney General for the Commonwealth of Pennsylvania. Plaintiff has also filed, contemporaneously with his complaint, a motion for leave to proceed *in forma pauperis*.

In his complaint, Plaintiff alleges that the Defendant committed fraud while acting in her capacity as legal counsel for one of the named defendants in a separate civil action, *to wit, Michael Winston v. Laura Bauer, et al.*, No. 1:09-cv-224-SJM (W.D. Pa.). Specifically, Plaintiff avers that the Defendant filed a motion to dismiss the complaint in Civil Action No. 1:09-cv-224-SJM and failed to serve a copy on him. Plaintiff further avers that the motion to dismiss in Civil Action No. 1:09-cv-224-SJM is illegal and must be voided. His prayer for relief in this matter includes a claim for damages in the amount of six-million dollars ($6,000,000.00) and an order removing Defendant Friedline from the related civil case.

This Court is required to review the Plaintiff's complaint in accordance with the provisions of 28 U.S.C. § 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis*. Of particular importance is § 1915(e)(2)(B), which requires federal district courts to dismiss any case, even on their own motion, if the court

determines that the action is, among other things, frivolous, malicious. or lacking any viable claim for relief.[1]  Although courts are generally required to permit the plaintiff an opportunity to file a curative amendment before dismissing the complaint, dismissal without leave to amend is justified when, *inter alia*, amendment would be futile.  *See Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004).

Here, Plaintiff attempts to invoke 28 U.S.C. § 1331 in asserting that this Court has jurisdiction over this case for "the commiting [sic] fraud[,] making false[ ] statements, falsifing [sic] court records."  Notwithstanding Plaintiff's invocation of 28 U.S.C. § 1331, he has made no factual allegations that could even arguably support federal question jurisdiction under that statute.  Nor can the Court discern, based on the Plaintiff's averments, any other basis for exercising subject matter jurisdiction under Chapter 85 of Title 28 of the United States Code.  *See generally* 28 U.S.C. §§1330 *et*

---

[1] Section 1915(e) states, in pertinent part:

  **(2)**   Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that —
***
    **(B)** the action or appeal –
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune
    from such relief.

28 U.S.C. § 1915(e)(2)(B).
Although much of 28 U.S.C. § 1915 deals with prisoners, as Congress made significant amendments to the statute in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), it is widely recognized that § 1915(e)(2) applies to both prisoner and nonprisoner cases alike.  *See, e.g., Jayne v. Pike County Correctional Facility*, Civil No. 3:CV-07-1113, 2007 WL 2972579 at *1 n.1 (M.D. Pa. Oct. 10, 2007) (citing cases), *aff'd in part and rev'd in non-relevant part*, No. 07-4269, 2009 WL 3022136 (3d Cir. Sept. 23, 2009) (slip. op.); *Weimer v. Vanorsdale*, No. 07cv0671, 2007 WL 1653623 at *1 n.1 (W.D. Pa. June 5, 2007) (citing cases).

*seq.*

In fairness, Plaintiff's complaint is more in the nature of a motion for sanctions based on the alleged bad faith of opposing counsel in a separate legal matter who is alleged to have purposefully violated Rule 5 of the Federal Rules of Civil Procedure, governing the service and filing of pleadings and other papers.  *See* Fed. R. Civ. P. 5(a)(1)(D).  Accordingly, this Court will dismiss the instant civil action as legally frivolous and will direct the Clerk of Court to re-docket the complaint as a motion for sanctions at Civil Action No. 1:09-cv-224-SJM.

AND NOW, *to wit*, this 5th day of November, 2009, based upon the foregoing considerations, and pursuant to the statutory directive set forth at 28 U.S.C. § 1915(e)(2)(B),

IT IS ORDERED that the within civil action be, and hereby is, DISMISSED as frivolous for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court re-docket the complaint in this matter as a motion for sanctions at *Winston v. Bauer*, Civil Action No. 1:09-cv-224-SJM.

                                          s/     Sean J. McLaughlin
                                                  SEAN J. McLAUGHLIN
                                                  United States District Judge

cm:     All parties of record.